**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2150**

THERESA RUSSELL,

Plaintiff - Appellant,

v.

DAVID HARLOW, In his Official Capacity, Acting Secretary, U.S. Marshal's Service; WILLIAM P. BARR, in his Official Capacity, Attorney General of the United States, U.S. Department of Justice,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:18-cv-00163-TSE-JFA)

Submitted:  May 24, 2019                                Decided:  June 10, 2019

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Morris E. Fischer, MORRIS E. FISCHER, LLC, Silver Spring, Maryland, for Appellant. G. Zachary Terwilliger, United States Attorney, Catherine M. Yang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa Russell appeals the district court's order granting summary judgment to her employer, the United States Marshals Service (USMS), on her failure-to-promote claim raised pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018). Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

To establish a failure to promote claim under Title VII, a plaintiff must show "that [she] (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances

2

giving rise to an inference of unlawful discrimination." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004). "If the plaintiff makes such a showing, the defendant must respond with evidence that it acted on a legitimate, non-discriminatory basis." *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). "If the defendant does so, the plaintiff is then obliged to present evidence to prove that the defendant's articulated reasons were a pretext for unlawful discrimination." *Id.*

Russell first contends that the district court erred in concluding that USMS established a legitimate, non-discriminatory reason for selecting a male candidate. To satisfy its burden, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981). Here, the USMS stated that it selected the male candidate because of his better interview and more relevant experience. "Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Thus, we reject this contention.

We further reject Russell's contentions regarding pretext. Russell first argues that she established pretext because the USMS shifted the reasons for her nonselection. "[A]n employer['s] . . . inconsistent post-hoc explanations for its employment decisions is probative [evidence] of pretext." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 647 (4th Cir. 2002). The different justifications need not be "internally inconsistent," so long as they "were not raised at the time of [the adverse action]."

*Jacobs*, 780 F.3d at 576. However, "the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006). Here, Russell focuses only on minor inconsistencies in the panel members' explanations for their selection—each panel member has consistently maintained that the male candidate selected for the position had a better interview and more relevant job experience. While they may have differed in minor details, these differences do not cast doubt on their explanation for their decision.

Second, Russell argues that she was more qualified than the male candidate selected. "A plaintiff alleging a failure to promote can prove pretext by showing that [she] was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006). "We assess relative job qualifications based on the criteria that the employer has established as relevant to the position in question." *Id.* The plaintiff need not have been the better-qualified candidate for the position, but must show "evidence which indicates that [the employer's] stated reasons for promoting [the other candidate] were a pretext for discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005). However, a plaintiff "cannot establish pretext by relying on criteria of her choosing when the employer based its decision on other grounds." *Id.* at 271. We conclude that Russell's argument fails to demonstrate that she was more qualified than the candidate selected for the position or call into question the legitimacy of the panel's selection; importantly, the

4

male candidate who was selected had performed the duties of the position on an interim basis.

Third, Russell contends that she established pretext because the USMS failed to follow its internal policies during the selection process. "The mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent." *Vaughan v. Metrahealth Cos.*, 145 F.3d 197, 203 (4th Cir. 1998) (emphasis and internal quotation marks omitted), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000); *accord Johnson v. Weld Cty.*, 594 F.3d 1202, 1213 (10th Cir. 2010). Instead, "there must be some evidence that the irregularity directly and uniquely disadvantaged a minority employee." *Johnson*, 594 F.3d at 1213 (internal quotation marks omitted). Here, Russell's issues with the selection process disadvantaged all of the candidates, including a male candidate who was also rejected for the position.

Finally, Russell argues that the USMS had a pattern of inconsistency and gender discrimination, but she only highlights the male candidate's previous selection as Acting Chief in support of this argument. A sample size of one is too small to establish a pattern of discrimination. *See Vaughan*, 145 F.3d at 203. Moreover, Russell offers nothing but conclusory assertions in support of her argument.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5